## No. 5054.

### E. J. GAY & Co. *v.* J. B. LEJEUNE, JR., et als.

After sequestration, a certain quantity of sugar and molasses was, by agreement of the parties, shipped by the sheriff to the firm of Da Silva & Weysham, the proceeds to be held by the sheriff subject to the decision of the court.

By this agreement the parties made the sheriff their agent, and as he was not therein acting in his official capacity, his sureties are not liable for his failure to pay over the money. But he is personally liable, as it is shown that he has several times promised to pay the plaintiff the sum claimed, and there being an obligation on which the promise is based, and the evidence being received without objection.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Hewes,* J. Jury trial. *W. W. Leake,* for plaintiffs and appellants. *E. Phillips* and *John Yoist,* for defendants and appellees.

HOWELL, J. The plaintiffs sue the defendant, ex-sheriff, and his sureties for $952 32, with twenty per cent. as damages, it being the balance of the proceeds of certain sugar and molasses sequestered in two suits against one Bovard.

It is shown that after the property was sequestered, by agreement of the parties, it was shipped by the sheriff to the firm of Da Silva & Weysham, the proceeds to be held by the sheriff subject to the decision of the court; but that he never received the money. By this agreement the parties made the sheriff their agent, and as he was not therein acting in his official capacity, his sureties are not liable for his failure to pay over the money. But it is shown that he has several times promised to pay the plaintiffs the sum claimed, having already paid a part of the proceeds, and there being an obligation on which the promise is based, and the evidence being received without objection, he must be compelled to pay.

It is therefore ordered that the judgment of the lower court and the verdict of the jury be reversed and set aside as to the defendant, J. B. Lejeune, Jr., and that plaintiffs recover of him $952 32, with legal interest from judicial demand, with costs in both courts, and that in other respects the judgment be affirmed.